## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STATE STREET RESTAURANT GROUP, INC. | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| THE CINCINNATI CASUALTY COMPANY, | : | |
| ET AL. | : | NO: 3:20-cv-00816-RDM |
| Defendants | : | |

## PLAINTIFF'S MOTION FOR REMAND

**NOW** comes Plaintiff, State Street Restaurant Group, Inc., by and through its undersigned counsel, Munley Law, P.C. and files the within Motion for Remand. Plaintiff hereby moves this Honorable Court to remand the instant action to the Court of Common Pleas of Lackawanna County and in support thereof, avers the following:

## I.   FACTUAL AND PROCEDURAL BACKGROUND

1.     This action arises out of an insurance dispute between Plaintiff State Street Restaurant Group, Inc. ("Plaintiff"), its insurer Defendant The Cincinnati Casualty Company ("Defendant Cincinnati") and its insurance agent Kincel & Company, Inc. ("Defendant Kincel & Company"). *See* a true and correct copy of Plaintiff's Complaint attached hereto as "Exhibit A."

2.     Plaintiff owned and/or operated a restaurant and bar named the "State Street Grill" located at 114 South State Street, Clarks Summit, Pennsylvania

18411, which was forced, by recent orders issued by the Commonwealth of
Pennsylvania, to cease its operations—through no fault of its own—as part of the
Commonwealth's efforts to slow the spread of the COVID-19 global pandemic.
*Id*., at ¶13.

3.    In exchange for substantial premiums, Defendant Cincinnati and
Defendant Kincel & Company sold a commercial property insurance policy for the
aforementioned premise. *Id*., at ¶14.

4.    The instant matter presents a case of interpretation of the
aforementioned commercial insurance policy issued by Defendant Cincinnati and
Defendant Kincel & Company to Plaintiff for the premise located at 114 South
State Street, Clarks Summit, Pennsylvania 18411.

5.    Plaintiff commenced suit by the filing of a Complaint in the Court of
Common Pleas of Lackawanna County on or about April 24, 2020. *Id*. The
Complaint brings separate Declaratory Judgment and Breach of Contract counts
against Defendant Cincinnati and Defendant Kincel & Company. *Id*. The
Complaint further brings a Bad Faith count against Defendant Cincinnati. *Id*.

6.    Neither Defendant Cincinnati nor Defendant Kincel & Company have
been served with the Complaint.

7.    On May 19, 2020, Defendant Cincinnati removed this litigation to this Honorable Court, asserting diversity of citizenship as the basis for subject matter jurisdiction in federal court.

8.    Specifically, Defendant Cincinnati further asserts that "[o]n information and belief, Defendant Kincel & Company, Inc. is a fictitious name registered in the Commonwealth of Pennsylvania by AssuredPartners of New Jersey, LLC" which is a New Jersey limited liability company. *See* a true and correct copy of the Notice of Removal attached hereto as "Exhibit B," at ¶6.

9.    Defendant Cincinnati further alleges that AssuredPartners maintains its principal place of business at 200 Colonial Center Parkway, Lake Mary, FL 32746 and is a citizen of a state other than the Commonwealth of Pennsylvania. *Id.*, at ¶7.

10.    In its Notice of Removal, Defendant Cincinnati acknowledged that it was not served and only received a courtesy copy of the Complaint. Specifically, Defendant Cincinnati provided that it "received a courtesy copy of the Complaint on April 30, 2020. To its knowledge the Complaint has not yet been served. [Defendant Cincinnati] files this Notice of Removal within thirty (30) days from the date it first received a copy of the Complaint although service has not yet been made. This Notice of Removal is, therefore, timely filed pursuant to 28 U.S.C. §1446(b)." *Id.,* at ¶3.

11.     On May 20, 2020, Attorney Benjamin A. Nicolosi, Jr., entered his appearance on behalf of AssuredPartners of New Jersey, LLC.

12.     On May 21, 2020, the case was assigned to the Honorable Robert D. Mariani.

13.     On May 22, 2020, Attorney Timothy G. Ventura filed a Petition for Special Admission (Pro Hoc Vice) on behalf of AssuredPartners of New Jersey, LLC. That Motion was granted on that same date.

## II.    LEGAL STANDARD

14.     A motion to remand on the basis of a defect other than lack of subject matter jurisdiction may be made within thirty (30) days after the filing of the notice of removal. 28 U.S.C. §1447(c).

15.     "[A]fter a case has been removed to federal court, a party can move to have the matter remanded back to state court in two situations: (1) when there is a procedural defect with the removal procedure to which plaintiff objects within 30 days of the removal, and (2) if the court lacks subject matter jurisdiction, which can be raised at any time and cannot be waived." Craul v. Wal-Mart Stores E., LP, 2012 U.S. Dist. LEXIS 184111, 2012 WL 6823181 (3d Cir. 2012).

16.     "Once a plaintiff has filed a motion to remand, the defendant has the burden of establishing that the federal court has jurisdiction and the notice of removal was timely filed." *Id.*

17.     It is settled in the instant circuit that the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007).

18.     Federal Courts have found that "removal statutes 'are to be strictly construed against removal and all doubts should be resolved in favor of remand.'" Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), *quoting* Steel Valley Auth. v. Union Switch and Signal Div., 809 F.2d 1006, 1010 (3d Cir. 1987).

19.     The federal district court must remand the case if it appears that there is no subject matter jurisdiction. Equimed, Inc. v. Am. Dynasty Surplus Lines Ins. Co., 2011 U.S. Dist. LEXIS 9595, 2011 WL 398566 (3d Cir. 2011), *citing* 28 U.S.C. § 1447(c).

20.     "The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction." *Id.*

21.     Any doubt as to the propriety of removal must be resolved in favor of remand. *See* Boyer v. Snap On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1999) (vacating a summary judgment for defendant corporation due to lack of evidence supporting fraudulent joinder claims); Batoff v. State Farm Insurance Company,

977 F2d 848 (3d Cir. 1992) (stating that even the mere possibility that a state court would find a cause of action against a resident is enough to conclude joinder was proper and remand appropriate).

22.     On a motion to remand, the removing party, as the party alleging the existence of jurisdiction bears a heavy burden of proof that the jurisdiction exists. *See* Steel Valley Authority v. Union Switch and Signal Division, 809 F.2d 1006, 1010 (3d Cir. 1987) (explaining that the heavy burden of proof to prove Federal jurisdiction "continues through judgment if not beyond").

## III.   ARGUMENT

### A. Complete diversity does not exist among the parties.

23.     In the instant matter, this Court lacks subject matter jurisdiction where complete diversity does not exist among the parties on the face of the Complaint.

24.     Since the instant matter is being removed on the basis of diversity jurisdiction, it is Defendants' initial burden to demonstrate that the parties are completely diverse and that the amount in controversy is in excess of the jurisdictional threshold of $75,000. *See* 28 U.S.C. § 1332(a).

25.     Diversity jurisdiction is founded on assurance to non-resident litigants of courts free from susceptibility to potential local bias." Estate of Harris v. Abbott Acquisition Co., LLC, 2017 U.S. Dist. LEXIS 133843, 2017 WL 3608138, 16-17

(3d Cir. 2017), *quoting* Guar. Trust Co. of N.Y. v. York, 326 U.S. 99, 111, 65 S.
Ct. 1464, 89 L. Ed. 2079, (1945).

26.    "Diversity jurisdiction also requires complete diversity that is no
plaintiff can be a citizen of the same state as any of the defendants." *Id*., at 17; *See
also* Janaski v. Dettore, 2015 U.S. Dist. LEXIS 46594, 2015 WL 1573670, 4 (3d.
Cir. 2015).

27.    Complete diversity must exist both at the time the Complaint is filed
and, if removed, at the time of removal. *Id*.; *see also* Janaski, *supra*.

28.    Citizenship of natural persons is "synonymous with domicile, and 'the
domicile of an individual is his true, fixed and permanent home and place of
habitation.'" McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir.
2006) *quoting* Vlandis v. Kline, 412 U.S. 441, 454 (1973).

29.    First, Defendant Cincinnati argues that this matter should be removed
where Defendant Kincel & Company is a fictitious name registered in the
Commonwealth of Pennsylvania by AssuredPartners of New Jersey, LLC.

30.    AssuredPartners is a limited liability corporation. As such, the
traditional corporate citizenship test is not utilized.

31.    Rather, limited liability companies are treated like partnerships and
other unincorporated associations for diversity purposes. Zambelli Fireworks
Manufacturing Co., Inc. v. Wood, 592 F.3d 412, 420 (3d Cir. 2010); *see also* a true

and correct copy of <u>Danoia's Eatery, LLC v. Motorists Mutual Ins. Co.</u>, No. 20-706 (W.D. Pa. May 19, 2020 Fischer, S.J.) attached hereto as "Exhibit C."

32.     The principal place of business of a limited liability corporation is irrelevant to determining diversity of citizenship. <u>Johnson v. SmithKline Beecham Corp.</u>, 724 F.3d 337, 348 (3d Cir. 2013); *see also* <u>Danoia's Eatery, LLC</u>, No. 20-706 (W.D. Pa. May 19, 2020 Fischer, S.J.).

33.     The citizenship of a limited liability company for purposes of diversity jurisdiction is "determined by the citizenship of each of its members." <u>Zambelli Fireworks Mfg. Co.</u>, 592 F.3d at 418; *see also* <u>VICI Racing, LLC v. T-Mobile USA, Inc.</u>, 763 F.3d 273, 282 (3d Cir. 2014) (holding that a limited liability company "is a citizen of any state in which its members are citizens."); 1 Fed. Proc., L. Ed. § 1:165 (2014) (acknowledging that a "limited liability company is a citizen, for purposes of diversity jurisdiction, of each state where its members are citizens.").

34.     Where one or more of a limited liability company's members is itself another limited liability company, the citizenship of each limited liability company must be determined by "trac[ing] through however many layers of partners or members there may be." <u>Zambelli Fireworks</u>, 592 F.3d at 420; *accord* <u>Lincoln Ben. Life Co. v. AEI Life, LLC</u>, 800 F.3d 99, 107 (3d Cir. 2015) (If, after reasonable inquiry, the precise citizenship of a defendant is unknown, a plaintiff

may sufficiently plead diversity by "alleg[ing] that the defendant is not a citizen of the plaintiff's state of citizenship").

35.     Thus, a party must conduct a reasonable inquiry into the facts relating to the citizenship of an opposing unincorporated association and assert, at a minimum, that none of the unincorporated association's members are citizens of the plaintiff's state of citizenship. Lincoln Ben. Life Co., 800 F.3d at 105-07.

36.     In the United States District Court for the Western District of Pennsylvania holding in Danoia's Eatery, LLC v. Motorists Mutual Ins. Co., No. 20-706 (W.D. Pa. May 19, 2020 Fischer, S.J.), the Court rejected an effort by a defendant insurance carrier to remove a similar Covid-19 Business Interruption Insurance coverage. *See* the Danoia's Eatery Decision at "Exhibit C."

37.     In that case, the plaintiff filed a Declaratory Judgment Complaint in the Court of Common Pleas of Allegheny County seeking a declaration that the defendant carrier was required to provide insurance coverage for business interruption losses brought on by the mandated government closures due to the Covid-19 pandemic. *Id*.

38.     The Court issued an Order remanding the case *sua sponte,* even before the plaintiff filed any Motion to Remand, after the defendant carrier had filed its Notice of Removal. *Id*.

39.     There, the <u>Danoia's Eatery</u> Court found that there existed doubts as to whether complete diversity of the parties existed, and therefore there was a lack of subject matter jurisdiction. *Id*.

40.     Specifically, the Court held that where the plaintiff was a limited liability corporation, the defendant insurer failed to conduct a reasonable investigation to determine the citizenship of the LLC's members and at least aver that none of its members shared the defendant's citizenship. *Id*., *citing* <u>Lincoln Ben. Life Co.</u>, 800 F.3d at 105-07 (a plaintiff must conduct a reasonable inquiry into the facts relating to the citizenship of an opposing unincorporated association and assert, at a minimum, that none of the unincorporated association's members are citizens of the plaintiff's state of citizenship).

41.     In its Motion to Remove, Defendant Cincinnati argues that AssuredPartners maintains its principal place of business at in Lake Mary, Florida, and is, therefore, a citizen of a state other than the Commonwealth of Pennsylvania pursuant to 28 U.S.C. § 1332(c)(1) evidencing diversity jurisdiction.

42.     However, as outlined in the <u>Danoia's Eatery</u> holding, Defendant Cincinnati was required to conduct a reasonable investigation to determine the citizenship of the AssuredPartners LLC's members and at least aver that none of its members share Plaintiff's Pennsylvania citizenship.

43.     Defendant Cincinnati has not provided an indication as to the citizenship of any of AssuredPartners LLC's members.

44.     As such, analogous to Danoia's Eatery, there exist doubts as to whether complete diversity of the parties exists, and this Honorable Court should remand the matter to the Court of Common Pleas of Lackawanna County for lack of subject matter jurisdiction

**B. This Honorable Court should decline to exercise jurisdiction pursuant to the discretionary authority provided to it under the Declaratory Judgment Act where there is not a parallel state action bearing on the usefulness of the declaratory judgment remedy.**

45.     The Danoia's Eatery Court further provided that "federal courts are courts of limited jurisdiction." *Id*., *quoting* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).

46.     After holding that there were doubts as to whether complete diversity of the parties existed, and therefore there was a lack of subject matter jurisdiction, the Danoia's Eatery Court further held, "even if this Court had diversity jurisdiction over this case, it would decline to exercise same pursuant to the discretionary authority provided to it under the [Declaratory Judgment Act ("the DJA")], which expressly provides that courts "**may** declare the rights and other legal relations of any interested party seeking such declaration." *Id*., *citing* 28 U.S.C. § 2201(a) (emphasis in original).

11

47.     The Court further provided that it "may decline to exercise jurisdiction under the DJA in situations such as this case when there is not a parallel state action after weighing factors set forth by the Third Circuit 'bearing on the usefulness of the declaratory judgment remedy.'" *Id*., *quoting* <u>Kelly v. Maxum Specialty Ins. Group</u>, 868 F.3d 274, 282 (3d Cir. 2017).

48.     The Court held that the following factors should be considered:

1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

2) the convenience of the parties;

3) the public interest in settlement of the uncertainty of obligation;

4) the availability and relative convenience of other remedies;

5) a general policy of restraint when the same issues are pending in state court;

6) avoidance of duplicative litigation;

7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for res judicata; and

8) in the insurance context, an inherent conflict of interest between an insurers' duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id*., *quoting* <u>Reifer v. Westport Ins. Corp.</u>, 751 F.3d 129, 146 (3d Cir. 2014)

49.     The <u>Danoia Eatery</u> Court continued "where state law is uncertain or undetermined, the proper relationship between federal and state courts requires district courts to step back and be particularly reluctant to exercise DJA

jurisdiction." *Id*.; *see also* <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131, 135-36 (3d Cir. 2000)

50.     "The fact that district courts are limited to predicting—rather than establishing—state law requires serious consideration and is especially important in insurance coverage cases." *Id*., *quoting* <u>Reifer</u>, 751 F.3d at 148.

51.     "[I]t is counterproductive for a district court to entertain jurisdiction over a declaratory judgment action that implicates unsettled questions of state law." *Id*.

52.     Ultimately, the <u>Danoia's Eatery</u> Court remanded the matter back to the Court of Common Pleas of Allegheny County finding that "serious consideration must be given to the facts that any declaration issued by [the Western District] Court as to the parties' rights under the insurance policy would be merely predicting how Pennsylvania courts would decide these novel issues arising from the COVID-19 pandemic, a matter of great public concern, with little persuasive authority from state courts on these issues." *Id*.

53.     This Honorable Court should follow the Western District of Pennsylvania's holding in <u>Danoia's Eatery</u>.

54.     Specifically, this Honorable Court should remand the instant matter to the Court of Common Pleas of Lackawanna County where Plaintiff's underlying

Complaint raises novel insurance coverage issues under Pennsylvania law which are best reserved for the state court to resolve in the first instance.

55.     Serious consideration must be given to the facts that any declaration issued by this Court as to the parties' rights under the insurance policy would be merely predicting how Pennsylvania courts would decide these novel issues arising from the COVID-19 pandemic, a matter of great public concern, with little persuasive authority from Pennsylvania courts on these issues.

56.     Therefore, the <u>Reifer</u> factors strongly weigh in favor of remanding this matter to the Court of Common Pleas of Lackawanna County and clearly outweigh the lone factor in Defendants' favor.

**WHEREFORE**, Plaintiff State Street Restaurant Group, Inc., respectfully requests that this Honorable Court grant its Motion to Remand and remand the case to the Court of Common Pleas of Lackawanna County, Pennsylvania.

**MUNLEY LAW, P.C.**

By:/s/ Marion Munley_____
    Marion Munley
    I.D. No. 46957

By:/s/ John Mulcahey_____
    John Mulcahey
    I.D. No. 74562

By:/s/ Caroline Munley_____
    Caroline Munley
    I.D. No. 92525

By:/s/ Ciara L. DeNaples_____
    Ciara L. DeNaples
    I.D. No. 318423

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| STATE STREET RESTAURANT GROUP, INC. | : | |
| Plaintiffs | : | CIVIL ACTION |
| | : | JURY TRIAL DEMANDED |
| v. | : | |
| | : | |
| THE CINCINNATI CASUALTY COMPANY, | : | |
| ET AL. | : | NO: 3:20-cv-00816-RDM |
| Defendants | : | |

## CERTIFICATE OF NON-CONCURRANCE

I, John Mulcahey, attorney for Plaintiff, hereby certify that I have contacted Attorneys for Defendants, concerning the instant Motion to Remand. Opposing counsel does not concur.

Respectfully submitted,

**MUNLEY LAW, P.C.**


By:/s/ John Mulcahey_____
John Mulcahey
I.D. No. 74562